IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
BALTIMORE DIVISION

| | |
|---|---|
| **JAMES T. BUECHLER,** *Individually and on behalf of all others similarly situated,* | * |
| | * Civil Action No.: 09-801 |
| *Plaintiff,* | * |
| v. | * |
| **CUTTING EDGE PIZZA, L.L.C.,** *et al.,* | * |
| *Defendants.* | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### FINAL JUDGMENT

This matter came on for hearing upon the joint application of the Settling Parties for approval of the settlement set forth in the Class Action Settlement Agreement (the "Settlement Agreement"). Due and adequate notice having been given to the Class, and the Court having considered the Settlement Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

The Court, for purposes of this Judgment and Order of Dismissal ("Judgment"), adopts all defined terms as set forth in the Class Action Settlement Agreement filed in this case.

The Court has jurisdiction over the subject matter of the Litigation, the Class Representative, the other Members of the Settlement Class and Cutting Edge Pizza, LLC.

1

The Court finds that the distribution of the Notice to Class Members Re: Pendency of Class Action as provided for in the Order Granting Preliminary Approval for the Settlement, constituted the best notice practicable under the circumstances to all Persons within the definition of the Class and fully met the requirements of due process under the United States Constitution. Based on evidence and other material submitted in conjunction with the Settlement Hearing, the notice to the class was adequate.

The Court finds in favor of settlement approval.

The Court approves the settlement of the above-captioned action, as set forth in the Settlement Agreement, each of the releases, and other terms, as fair, just, reasonable, and adequate as to the Settling Parties. The Settling Parties are directed to perform in accordance with the terms set forth in the Settlement Agreement.

All of the Released Claims are dismissed with prejudice as to the Class Representative and the other Members of the Class. The Settling Parties are to bear their own attorneys' fees and costs, except as otherwise provided in the Settlement Agreement and this Judgment.

Solely for purposes of effectuating this settlement, this Court has certified a class of all Members of the Settlement Class, as that term is defined in and by the terms of the Settlement Agreement.

With respect to the Rule 23 Class and for purposes of approving this settlement only, this Court finds and concludes that: (a) the Members of the Rule 23 Class are ascertainable and so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Rule 23 Class, and there is a well-defined

community of interest among Members of the Rule 23 Class with respect to the subject matter of the Litigation; (c) the claims of Class Representative James Buechler are typical of the claims of the Members of the Rule 23 Class; (d) the Class Representative has fairly and adequately protected the interests of the Members of the Rule 23 Class; (e) a class action is superior to other available methods for an efficient adjudication of this controversy and common issues predominate over individual issues; and (f) the counsel of record for the Class Representative, i.e., Class Counsel, are qualified to serve as counsel for the plaintiffs in their individual and representative capacities and for the Rule 23 Class.

By this Judgment, the Class Representative shall release, relinquish and discharge, and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims, defined as claims: (1) for the statutory damages provided by 15 U.S.C. §1681n(a); (2) for the punitive damages provided by 15 U.S.C. §1681n(a)(2); and (3) for the costs of the action and attorneys fees provided by 15 U.S.C. §1681n(a)(3) as relates to credit card receipts provided by Cutting Edge Pizza, LLC, between December 8, 2008, and April 8, 2009. "Released Claims" does not include actual damages due to identity theft caused as a result of a credit card receipt provided by Cutting Edge Pizza, between December 8, 2008, and April 8, 2009. Consumers who have suffered such actual damages are excluded from the Class.

This matter is hereby dismissed with prejudice.

Neither the Settlement Agreement, nor any act performed or document executed

pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of Cutting Edge Pizza, LLC; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Cutting Edge Pizza, LLC in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Cutting Edge Pizza, LLC may file the Settlement Agreement and/or the Judgment from this Litigation in any other action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any theory of claim preclusion or issue preclusion or similar defense or counterclaim. The only Settlement Class Members entitled to relief pursuant to this Judgment are Participating Claimants.  Neither the Settlement Agreement nor this Judgment will result in the creation of any unpaid residue or residual.

 Cutting Edge Pizza, LLC has agreed to pay Class Counsel their reasonable attorneys' fees in this matter as well as certain allowable costs in this matter.  The Court finds that these agreements are fair and reasonable.  Cutting Edge Pizza, LLC is directed to make such payments in accordance with the terms of the Settlement Agreement in the amount of $125,875.65 for attorneys fees and expenses and $5,000.00 for an incentive fee.

 The Court reserves exclusive and continuing jurisdiction over the Litigation, the Class Representative, the Settlement Class and Cutting Edge Pizza, LLC for the purposes of supervising the implementation, enforcement, construction, administration and

interpretation of the Settlement Agreement and this Judgment.

This document shall constitute a judgment for purposes of Rule 58 of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

_8/19/10_
Date

_William D. Quarles, Jr._
William D. Quarles, Jr.
United States District Judge